**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE<br><br>LINDA M. THUNBERG,<br><br>Debtor. | Case No. 19-31049<br><br>Chapter 7 |

## RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

A. Cotten Wright, the trustee in the above-referenced matter (the "Trustee"), hereby responds to the *Motion for Relief from Automatic Stay* filed on August 22, 2019 (the "Motion") (D.E. 8) by Gart Brett Dobson ("Dobson"), through counsel, and respectfully represents as follows:

1. On July 31, 2019 (the "Petition Date"), the debtor in this case (the "Debtor") filed a voluntary petition for relief pursuant to chapter 7 of the U.S. Bankruptcy Code, initiating this case. The Trustee was appointed to administer the Debtor's case.

2. The meeting of creditors in the Debtor's case is scheduled for September 4, 2019.

3. The Debtor listed among her assets in Schedule A/B a single-family home located at 3213 Barlow Ct, Wilmington, NC 28403, ID No. RO6615-016-015-000, (the "Real Property"), indicating that that it is titled solely in the Debtor's name. The Debtor's papers state that the value of the Real Property was $352,367.00 as of the Petition Date and that the current tax value is $262,800.00.

4. The Debtor's papers indicate that the Real Property is unencumbered. The Debtor claimed an exemption in the Real Property of $770.69.

5. According to the Debtor's Statement of Financial Affairs (the "SOFA"), she has not lived at the Real Property since February 28, 2018. The Debtor disclosed a pending action for equitable distribution against Dobson in her SOFA, stating that her ex-husband has claimed a half-interest in the Real Property.

6. The Debtor's interest in the Real Property reflects property of the Debtor's bankruptcy estate.

7. In the Motion, Dobson argues that the New Hanover District Court is the appropriate venue for property division issues to be resolved. Motion, ¶ 6. However, it is unclear what property division issues there may be with respect to the Real Property given that it was owned solely by the Debtor as of the Petition Date. The Motion provides no explanation as to what, if any interest Dobson may claim entitlement to with respect to the Real Property—or any other assets disclosed by the Debtor—that now are property of the bankruptcy estate.

8. The Trustee maintains that at this early stage in the Debtor's case, it would not be appropriate to grant relief from stay for any purpose. Rather, the Trustee should be afforded the opportunity to examine the Debtor and to investigate the extent of her pre-petition property interests that became bankruptcy estate property.

WHEREFORE, the Trustee prays that the Court will enter an Order denying the Motion and granting such further relief as is just and proper.

This is the 27 day of August, 2019.

/s/ A. Cotten Wright
A. Cotten Wright (State Bar No. 28162)
Grier Wright Martinez, PA
101 N Tryon Street, Suite 1240
Charlotte, NC 28246
Phone: 704.332.0207
cwright@grierlaw.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE | Case No. 19-31049 |
| LINDA M. THUNBERG, | Chapter 7 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the Response to *Motion for Relief from Automatic Stay* was served by the Court's electronic noticing system pursuant to Local Rule 5005-1(d) on those parties who have registered for service in this case and on the following by United States mail, postage pre-paid, addressed as indicated.

Kenneth Love
10590 Independence Pointe Pkwy
Suite 200
Matthews, NC 28105

This is the 27 day of August, 2019.

*/s/ A. Cotten Wright*
A. Cotten Wright
Grier Wright Martinez, PA
101 N Tryon Street, Suite 1240
Charlotte, NC 28246

1